UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

THE TRAVELERS INDEMNITY COMPANY,

                           Plaintiff,

      -against-

EVEREST NATIONAL INSURANCE COMPANY,

                           Defendant.

-----------------------------------------------------------x

1:25-cv-01158 (ALC)

**TRANSFER ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

On February 11, 2025, Plaintiff The Travers Indemnity Company ("Plaintiff") filed a complaint against Defendant Everest National Insurance Company ("Defendant"). ECF No. 1. None of the parties reside in New York. The federal complaint references Richmond County, NY and the state court complaint references Queens County, NY. *Id.* On March 6, 2025, the Court ordered the parties to show cause why this case should not be transferred to the United States District Court for the Eastern District of New York. ECF No. 9. Plaintiff responded to the Order on March 11, 2025, stating that the two tender letter, served on Defendant in Manhattan is sufficient to establish venue under 28 U.S.C. § 1391(b)(2). ECF No. 10. Plaintiff offers no case law in support of this position. *See id.*

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). In its response, Plaintiff argued that transfer is in the interest of justice and recognized that "venue may be more appropriate in [the Eastern] district." ECF No. 10. The Court agrees.

Venue is governed by 28 U.S.C. § 1391(b), which provides that a civil action may be

brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Since the underlying accident took place and the underlying lawsuit is pending in the Eastern District of New York, the action should be and hereby is transferred to the United States District Court for the Eastern District of New York.  *See* 28 U.S.C. §§ 1391(b), 1406(a).

The Clerk of Court is respectfully directed to transfer this action to the United States District Court for the Eastern District of New York.

**SO ORDERED.**

Dated:   May 14, 2025
        New York, New York

                                            **ANDREW L. CARTER, JR.**
                                            **United States District Judge**